UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN ANTHONY RED,

                Petitioner,

    v.

JASON BENNETT,

                Respondent.

CASE NO. 3:22-cv-05750-TMC-GJL

REPORT AND RECOMMENDATION

Noting Date: December 15, 2023

        The District Court referred this action to United States Magistrate Judge Grady J. Leupold. On October 14, 2022, Petitioner Kevin Anthony Red, proceeding *pro se*, filed a federal habeas Petition pursuant to 28 U.S.C. § 2254, seeking relief from a state court conviction. Dkt. 5.

        On October 26, 2022, the Court issued an Order granting Petitioner's unopposed Motion to stay this case while Petitioner completed his relevant state court proceedings. Dkt. 13. On May 19, 2023, the Court directed Respondent to file a status report every ninety days informing the Court of the status of Petitioner's state court proceedings. Dkt. 15.

        On June 5, 2023, Respondent filed a status report informing the Court that Petitioner has now been resentenced in state court. Dkt. 16. Further, Petitioner did not appeal the new judgment

1    and sentence, and the time for doing so has since expired. *Id*. As such, it appeared the purpose of

2    the stay of these proceedings no longer existed. Additionally, it was unclear whether Petitioner

3    still wished to pursue the claim raised in his habeas Petition. As a result, Respondent requested

4    the Court lift the stay of these proceedings and inquire of Petitioner whether he still wished to

5    pursue this habeas corpus matter. *See* Dkt. 16.

6        Upon review of Respondent's status report and attached exhibits, and other relevant

7    records in this case, on August 17, 2023, the Court issued an Order lifting the stay of these

8    habeas proceedings and directing Petitioner to file a response to Respondent's status report (Dkt.

9    16) by August 31, 2023, indicating whether he still wishes to pursue this habeas corpus matter.

10   Dkt. 17. Petitioner did not file a response to Respondent's status report or otherwise respond to

11   the Court's Order within that time period and, therefore, on September 26, 2023, the Court

12   issued an Order directing Petitioner to show cause why the Petition should not be dismissed

13   without prejudice for failure to prosecute. Dkt. 19. The Order also warned Petitioner that, should

14   he fail to respond to the Court's Order on or before October 27, 2023, the Court would

15   recommend dismissal of this action without prejudice for failure to comply with a Court Order.

16   *Id*.

17       Petitioner has failed to comply with the Court's Orders. He has not responded to the

18   Court's August 17, 2023, Order indicating whether he still wishes to pursue this habeas corpus

19   matter. Further, Petitioner has not responded to the Court's September 26, 2023, Order directing

20   him to show cause why this case should not be dismissed for failure to prosecute. As Petitioner

21   has failed to respond to the Court's Orders and prosecute this case, the Court recommends this

22   case be dismissed without prejudice. Based on the foregoing, the Court also recommends a

23   certificate of appealability be denied.

24

REPORT AND RECOMMENDATION - 2

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **December 15, 2023**, as noted in the caption.

Dated this 1st day of December, 2023.

Grady J. Leupold
United States Magistrate Judge